# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01342-RM-STV

WILDEARTH GUARDIANS,
SIERRA CLUB,
CENTER FOR BIOLOGICAL DIVERSITY,
and
HIGH COUNTRY CONSERVATION ADVOCATES,

    Plaintiffs,

v.

MOUNTAIN COAL COMPANY, and
ARCH RESOURCES, INC.,

    Defendants.

---

## AMENDED SCHEDULING ORDER

---

**1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL**

The Scheduling Conference is scheduled for August 18, 2020 at 9:15 AM telephonically before Magistrate Judge Scott T. Varholak.

*Attorneys appearing on behalf of Plaintiffs*:

Neil Levine
Public Justice
4404 Alcott Street
Denver, Colorado 80211

David Nicholas
20 Whitney Road
Newton, Massachusetts 02460

*Attorneys appearing on behalf of Defendants:*

Keith Tooley
James W. Sanderson
Welborn Sullivan Meck & Tooley, P.C.

{00822176.2}

1125 17th Street, Suite 2200
Denver, CO 80202

2. **STATEMENT OF JURISDICTION**

<u>Plaintiffs</u>: This Court has subject matter jurisdiction under the Clean Air Act's citizen suit provision, 42 U.S.C. § 7604(a)(1) and (3) and 28 U.S.C. § 1331 (federal question).

<u>Defendants</u>: 28 U.S.C. § 1331.

3. **STATEMENT OF CLAIMS AND DEFENSES**

The parties present their respective positions below.

<u>Plaintiffs</u>: Defendants Mountain Coal Company and Arch Resources (Mountain Coal) own and operate the West Elk Mine in Gunnison County, Colorado and are doing so without the required Clean Air Act permits.  More specifically, Mountain Coal did not secure a Prevention of Significant Deterioration preconstruction permit before constructing the Mine's expansion (First Claim), 42 U.S.C. § 7479(a)(1), 5 C.C.R. § 1001-5:3D.II(A)(25)(a), and failed to obtain a Title V operating permit before operating the Mine (Second Claim), 2 U.S.C. § 7661a(a), 5 C.C.R. § 1001-5:3C.II.A.1

Through these permits, emissions of volatile organic compounds (which create smog or ozone pollution) and methane (a greenhouse gas that is more potent than carbon dioxide in contributing to climate change) are regulated and reduced.  Without them, there are no emission limitations, no monitoring or reporting of emissions, and no public oversight.  Plaintiffs' two claims work in tandem to ensure the Mine is properly permitted before Mountain Coal can expand and operate the Mine.

Plaintiffs-environmental groups have members who are adversely affected by the Mine's violations and operations.  Plaintiffs seek declaratory and injunctive relief, civil penalties, and costs of litigation (including reasonable attorneys' and expert witness fees).

In assessing civil penalties, district courts must consider the following factors: the seriousness of the violation or violations, the economic benefit (if any) resulting from the violation, any history of such violations, any good-faith efforts to comply with the applicable requirements, the economic impact of the penalty on the violator, and such other matters as justice may require. 42 U.S.C. § 7413(e).

<u>Defendants</u>: Plaintiffs' claims are time barred by the statute of limitation applicable to Citizens' suits brought pursuant to 42 U.S.C. § 7604. Plaintiffs cannot establish the elements of their claims. Historically, neither the federal government nor any state has applied the asserted Plaintiffs' alleged requirements to an underground coal mine, and ordinary mining has been conducted at West Elk Mine for decades. Plaintiffs' claims are also barred by the fair notice doctrine and Defendants' reasonable reliance on pronouncements by the state of Colorado. Moreover, Plaintiffs' claims are barred because some are not ripe, others are moot, and Plaintiffs' claims are barred in whole or in part by claim preclusion or issue preclusion. Defendants reserve the right to assert additional defenses if an answer is required.

**4.      UNDISPUTED FACTS**

The following facts are undisputed and the parties have agreed to enter into a stipulation regarding these facts:

Mountain Coal Company ("MCC") owns and operates the West Elk Mine ("Mine").

MCC applied for a Title V operating permit for the Mine on March 30, 2020.

MCC applied for an APCD construction permit on January 16, 2020.

MCC has reported the Mine's annual emissions of methane to EPA each year since 2011.

3

      WildEarth Guardians, Sierra Club, Center for Biological Diversity, and High Country Conservation Advocates are non-profit environmental groups with stated purposes that include promoting clean air and protecting public lands.

      Plaintiffs' members recreate in and enjoy the wilderness area, roadless areas, and other national forest lands located near the Mine.

To reduce the discovery burden on the parties and the Court, Plaintiffs and Defendants agree to continue to consider stipulated facts.

**5.    COMPUTATION OF DAMAGES**

The Clean Air Act citizen suit does not authorize plaintiffs to seek damages, but rather authorizes district courts to impose civil penalties against Defendants, up to $101,439 per violation per day. 42 U.S.C. § 7604(a), (g)(2) and § 7413(b) & (e); 40 C.F.R. § 19.4; 28 U.S.C § 2461; 31 U.S.C. § 3701; 85 Fed. Reg. 1751 (Jan. 20, 2020).

**6.    REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)**

    a. <u>Date of Rule 26(f) meeting</u>: July 28, 2020.

    b. <u>Names of each participant and party he/she represented</u>:

        Attorneys appearing on behalf of Plaintiffs were Neil Levine and David Nicholas.

        Attorneys appearing on behalf of Defendants were Keith Tooley and Jim Sanderson.

    c. <u>Statement as to when Rule 26(a)(1) disclosures were made or will be made</u>:

        September 22, 2020.

    d. <u>Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1)</u>:

        The parties are proposing a September 22, 2020 date for disclosures in consideration of ongoing briefing on Defendants' Motion to Dismiss. ECF Doc. 18.

    e. <u>Statement concerning any agreements to conduct informal discovery</u>:

        The parties have not made any agreements regarding informal discovery.

4

  Defendants have provided Plaintiffs with permit applications Mountain Coal has submitted to the Colorado Department of Health and Environment, Air Pollution Control Division.

  A number of documents that Plaintiffs intend to rely on to prosecute their claims are publicly available through the Colorado Department of Public Health, Air Pollution Control Division, Colorado Department of Natural Resources, Division of Reclamation, Mining and Safety, and the Environmental Protection Agency.  In addition, Plaintiffs intend to rely on documents found in "administrative records" prepared by the U.S. Bureau of Land Management, U.S. Forest Service, and U.S. Office of Surface Mining and other publicly available documents obtainable from federal agencies.

 f. <u>Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system</u>:

  The parties will use Bates numbering systems to index documents produced in discovery, with Plaintiffs beginning at WEG000001 and Defendant at MCC000001.

  The parties agree to utilize a unified exhibit numbering system for deposition exhibits.

  The parties agree to produce a privilege log sufficient to allow for substantive discussions over the documents or information for which a privilege is asserted.  The parties agree that they will attempt to resolve disputes regarding the assertion of a privilege between themselves before engaging the Court.  The parties agree that their communications with any litigation or outside counsel in this or other cases need not be listed on the privilege log.

  In producing responsive documents, the parties agree to reasonably designate

which documents or files are responsive to particular requests for production.

The parties are preparing a Stipulated Protective Order addressing confidentiality issues to be submitted to the Court for approval.

g. <u>Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form</u>:

The parties anticipate that there will likely be a modest amount of electronically stored information relevant to their claims, requested remedies, and defenses.

The parties agree that all ESI shall be produced in a searchable PDF format, including e-mails and their attachments.  E-mail attachments shall be produced immediately following the email to which they relate (and numbered consecutively with the related email).  The parties are not obligated to produce metadata.  The parties agree that spreadsheets and non-imageable files will be produced in native format, subject to confidentiality provisions of a protective order and assertions of privilege.

h. <u>Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case</u>:

The parties have discussed settlement.  However, based on those discussions, the parties do not believe prompt settlement is likely at this time.  They will continue to consider settlement opportunities as they arise.

**7.  CONSENT**

The parties have not consented to the exercise of jurisdiction of a magistrate judge.

8. **DISCOVERY LIMITATIONS**

   a. <u>Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules</u>:

   The parties do not anticipate the need for either party to exceed the numerical limits for depositions, Fed. R. Civ. P. 30(a)(2)(A)(l), and interrogatories, Fed. R. Civ. P. 33(a)(l). Each side may take up to ten depositions (including experts) and each side may serve up to fifty interrogatories, including discrete subparts.

   b. <u>Limitations which any party proposes on the length of depositions</u>:

   The parties agree that depositions should be limited to no more than seven hours each over one day, Fed. R. Civ. P. 30(d)(l). Plaintiffs anticipate the possibility that more time may be requested for deposing Defendants' Rule 30(b)(6) designated representative(s) depending on who and how many representatives Defendant designates. The parties will confer at the time Defendants' representative(s) are designated and Plaintiffs reserve the right to move for additional time for Rule 30(b)(6) depositions. Likewise, Defendants reserve the right to oppose such additional time.

   c. <u>Limitations which any party proposes on the number of requests for production and/or requests for admissions</u>:

   Each side may serve no more than sixty requests for production and seventy-five requests for admissions.

   Requests for Admissions directed at authenticating specified documents are not subject to this limitation but shall not exceed twenty-five in number.

   d. <u>Other Planning or Discovery Orders</u>:

   The parties are preparing a Stipulated Protective Order for Court approval.

**9. CASE PLAN AND SCHEDULE**

The parties present their respective positions where there is disagreement.

a. <u>Deadline for Joinder of Parties and Amendment of Pleadings</u>: October 1, 2020.

b. <u>Discovery Cut-Off</u>:

| | | <u>Fact</u> |
|---|---|---|
| Plaintiffs: | Fact Discovery-March 1, 2021<br>Expert Discovery-May 15, 2021 | April 2, 2021 |
| Defendants: | Fact Discovery-June 1, 2021<br>Expert Discovery-September 15, 2021 | <u>Expert</u><br>July 2, 2021 |

c. <u>Dispositive Motion Deadline</u>:

| | | <u>Dispositives</u> |
|---|---|---|
| Plaintiffs: | June 15, 2021 | July 30, 2021 |
| Defendants: | October 15, 2021 | |

d. <u>Expert Witness Disclosure</u>:

1. *The parties shall identify anticipated fields of expert testimony, if any.*

Plaintiffs anticipate using experts to address: civil penalties (including assessing the economic benefit of non-compliance); underground coal mining and emissions of VOCs and methane; technologies and other methods available to curtail VOC and methane emissions; environmental harms.

Defendants presently anticipate using experts to address: engineering; mining; mine safety, planning and practice; mine policy and permitting; and mine economics.

2. *Limitations which the parties propose on the use or number of expert witnesses*:

   Five per side.

3. *The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:*

<u>Affirmative</u>

Plaintiffs: March 15, 2021

May 3, 2021

8

       Defendants: July 15, 2021

       This includes information applicable to "Witnesses Who Must Prepare a Written Report (Rule 26(a)(2)(B)) and "Witnesses Who Do Not Provide a Written report" (Rule 26(a)(2)(C)).

4. *The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before*:

       Plaintiffs: April 30, 2021

       Defendants: August 27, 2021

       Rebuttal

       June 11, 2021

e. <u>Identification of Persons to be Deposed</u>:

*Plaintiffs:* Defendants' experts, individuals identified in publicly available documents and Defendants' initial disclosures, and Defendants' 30(b)(6) representatives. Plaintiffs reserve the right to update this list as discovery moves forward.

*Defendants:* Plaintiffs' experts, Plaintiffs' personnel, Plaintiffs' Rule 30(b)(c) representatives, state and federal regulators. Defendants reserve the right to update this list if discovery moves forward.

f. <u>Deadline for Interrogatories, Requests for Production of Documents, and Requests for Admissions</u>:

written discovery shall be served such that responses are due 45 days before the discovery deadline.

10. **DATES FOR FURTHER CONFERENCES**

a. Status conferences will be held in this case at the following dates and times:

    _____.

   b.  A final pretrial conference will be held in this case on ___9/23/2021___ at 9:30 a.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

**11. OTHER SCHEDULING MATTERS**

   a.  <u>Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement</u>:

   Any disputes between the parties are identified in the sections above, with the parties'

   respective positions set forth.

   b.  <u>Anticipated length of trial and whether trial is to the court or jury</u>:

   7 days.    Trial will be to the court.

   c.  <u>Identify pretrial proceedings, if any, that the parties believe may be more efficient or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/LaPlata County Courthouse, Suite 150, 1060 E. 2nd Avenue, Durango, Colorado</u>:

   None.

**12. NOTICE TO COUNSEL AND PRO SE PARTIES**

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

**13. AMENDMENTS TO SCHEDULING ORDER**

This scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 18th day of August, 2020.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:
*Attorneys appearing on behalf of Plaintiffs*:

*/s/ Neil Levine*
Neil Levine
Public Justice
4404 Alcott Street
Denver, Colorado 80211
nlevine@publicjustice.net

David Nicholas
20 Whitney Road
Newton, Massachusetts 02460
Dnicholas100@gmail.com

*Attorneys appearing on behalf of Defendants*:

Keith D. Tooley
James W. Sanderson
Julie A. Rosen
Jens Jensen
Welborn Sullivan Meck & Tooley, P.C.
1125 17th Street, Suite 2200
Denver, Colorado 80202
303-830-2500
ktooley@wsmtlaw.com
jsanderson@wsmtlaw.com
jrosen@wsmtlaw.com
jjensen@wsmtlaw.com