**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-1342-RM-STV

WILDEARTH GUARDIANS,
SIERRA CLUB,
CENTER FOR BIOLOGICAL DIVERSITY, and
HIGH COUNTRY CONSERVATION ADVOCATES,

      Plaintiffs,

v.

MOUNTAIN COAL COMPANY and
ARCH RESOURCES, INC.,

      Defendants.

---

## PROTECTIVE ORDER

---

THE COURT, having reviewed and granted the parties' Joint Motion for Protective Order [#43], hereby FINDS and ORDERS as follows:

1. The parties will exchange in disclosures and discovery documents and information which may include confidential, proprietary, or non-public information not otherwise available to the receiving parties or to third parties.

2. To facilitate the production of such documents and information and preserve their confidential nature, the following terms shall govern.

3. As used herein:

    The "Parties" shall mean and include the Plaintiffs WildEarth Guardians, Sierra Club, Center for Biological Diversity, and High Country Conservation Advocates, the Defendants Mountain Coal Company and Arch Resources Inc., and their respective attorneys, experts, and their designated agents who agree in writing to be bound by this Protective Order.

"Lawsuit" shall mean the above-captioned civil action pending in the United States District Court for the District of Colorado.

"Documents" or "information" shall mean and include any document, data, or information (whether in hard copy or electronic form), records, tangible articles or things, whether documentary or oral, and other information provided, served, disclosed, filed, or produced, whether voluntarily or through discovery, pursuant to subpoena or other means, in connection with the Lawsuit.

"Confidential Material" shall mean non-public Documents, information, or data produced in connection with the Lawsuit for which there is good cause for protection under Federal Rule of Civil Procedure 26 and which contain trade secret, confidential, proprietary and/or sensitive business, trade, financial, investment, or personal information. Provided, however, Confidential Material shall not include documents or information available to the public, or documents and information that the other Party has lawfully obtained independently from the Lawsuit.

"Producing Party" shall mean any person or entity who provides, serves, discloses, files, or produces any Confidential Material in connection with the Lawsuit including pursuant to formal discovery or a subpoena.

"Receiving Party" shall mean the Party receiving the Confidential Material through disclosures or discovery in this Lawsuit. In conjunction with responses to discovery requests, disclosure obligations, subpoena, or other request for information in the Lawsuit, a Producing Party may designate any document, thing, material, testimony, data, or other information derived therefrom as Confidential Material.

4. A Producing Party may designate documents as Confidential Material by informing the Receiving Party's counsel of the designation in writing, or by marking or stamping copies of the document produced to a Party with the legend "CONFIDENTIAL." Each Party that designates information or items for protection under this Order must use good faith efforts to limit any designation to specific material that qualifies under the appropriate standards, where reasonably feasible. Marking or stamping the legend "CONFIDENTIAL" on the cover of any multi page document shall designate all pages of the document as Confidential Material. Indicating "CONFIDENTIAL" on the electronic transmittal, electronic file name of a document produced electronically, or in the name of an electronic file folder containing documents, shall also designate all contents of such electronic documents as Confidential Material. However, if the Confidential Material is reasonably known by the Designating Party at the time of the designation, the Designating Party shall designate only those pages of materials, documents, electronic transmittal, files, items, or oral or written communications that qualify—so that other pages of the materials, documents, items, or communications for which protection is not warranted are not swept

unjustifiably within the ambit of this Order. The designation of any document or information as Confidential shall constitute a certification by the attorneys that there is a legal and factual basis for the designation, consistent with his/her obligations under Fed.R.Civ.P. 26 (g).

If it comes to the Designating Party's attention that information or items designated for protection do not qualify for protection, that Party should promptly notify all other Parties that it is withdrawing the designation.

5. If Confidential Material is made an exhibit in a deposition, the document shall retain its character as Confidential Material. If Confidential Material is quoted or paraphrased in a deposition, the document shall retain its character as Confidential Material, and the portion of any transcript quoting or paraphrasing the document shall also be Confidential Material. At its election, any Party may make arrangements with the court reporter transcribing such proceedings to separately bind or otherwise segregate or designate such portions of the transcript and exhibits containing Confidential Material, and to label such portions appropriately.

6. Confidential Material shall be maintained in strict confidence, be used solely for the purposes of the Lawsuit, and shall not be disclosed to any person except:

(a) The Court and court personnel, including but not limited to court reporters, stenographic reporters, videographers and electronic filing personnel;

(b) The attorneys of record in the Lawsuit, and their partners, employees, associates, paralegals, secretaries, and other support staff who are assisting in the lawsuit and bound by this Protective Order (collectively hereafter referred to as "Outside Counsel");

(c) An officer, director, in-house legal counsel, managerial employee or staff of a Receiving Party deemed necessary by Outside Counsel to aid in the prosecution, defense, or settlement of the Lawsuit, provided each such person agrees in writing to be bound by the terms hereof and counsel for the receiving Party maintains a copy of such person's signature on the form attached as Exhibit A;

(d) Experts or consultants and their staff, and support personnel retained by the Parties and/or Outside Counsel in the Lawsuit, provided each such person agrees in writing to be bound by the terms hereof;

(e) Support vendors or contractors retained by Outside Counsel for functions directly related to the Lawsuit, such as copying, document management, and graphic design; and;

(f) Other persons by written agreement of the Producing Party. Provided, however, any persons receiving Confidential Materials under this subsection (f) must be provided with a copy of this Protective Order and must sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7. Confidential Material shall be designated at the time of production. Deposition testimony may be designated Confidential during the deposition or by page and line designation within fourteen (14) days of receipt of the transcript.

8. A party may serve upon a Producing Party an objection to the designation of Confidential Material at any time. The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document.

The objecting party and the party which designated the documents to which objection has been made shall have fifteen days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement. If the parties cannot reach agreement, either party may file a motion to resolve the confidentiality designation. The Producing Party has the burden to show good cause for the confidentiality designation.

9. The Parties and persons who sign Exhibit A hereto agree to submit to the Jurisdiction of the U.S. District Court for the District of Colorado for enforcement of this Protective Order.

10. Notwithstanding the foregoing provisions, the inadvertent production of any information or documents without being properly marked or otherwise designated shall not be deemed to waive any claim of confidentiality with respect to such information or documents. If a Producing Party, through inadvertence, produces any Confidential Material without marking or designating it as such in accordance with the provisions herein, the Producing Party may, promptly on discovery of the inadvertent disclosure, furnish a substitute copy properly marked along with written notice to all Parties (or written notice alone as to non-documentary information) that such information is deemed Confidential Material and should be treated as such in accordance with the provisions hereof from the date such notice is received, or the date the receiving party learned of the inadvertent production, whichever is earlier.

11. The inadvertent production of any documents or information that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information or documents should not be made to any Party ("Privilege Claim") shall not be deemed to waive any Privilege Claim. If a Producing Party, through inadvertence, produces any information or documents that is subject to a Privilege Claim the Producing Party may, promptly on discovery of the inadvertent disclosure, inform all Parties. Any Party possessing such information or documents then shall: (i) refrain from any further examination or disclosure; (ii) if requested, promptly make a good faith effort to return the information and documents and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such information or documents (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use such information or documents for any purpose until agreement by the Producing Party or order of the Court. Nothing contained in this paragraph is intended, in any way, to limit any obligation that exist under ethics rules governing lawyers.

12. If any Party becomes required by law, regulation, legal process, court order, or order of a governmental entity to disclose any Confidential Material produced by another Party, such Party will reasonably notify the Producing Party in writing so that the Producing Party has

an opportunity to prevent or restrict such disclosure. The Party required to disclose any Confidential Material shall use commercially reasonable efforts to maintain the confidentiality pending any challenge and shall reasonably cooperate with the Producing Party to protect against or limit disclosure.

13.     If any Party wishes to file any Confidential Material with the Court, the parties shall comply with D.C.Colo.LCivR 7.2 (Public Access to Documents and Proceedings).

14.     A Receiving Party wishing to file Confidential Material or refer to Confidential Material in a court filing or proceeding shall confer, as early as practicable, with Designating Party about the need to file the Protected Material.  If the parties cannot agree on the manner of doing so, the Receiving Party shall file the documents as restricted documents with Level 1 restrictions and the provisions of D.C.COLO.LCivR 7.2 shall thereafter apply.

15.     A Producing Party may withdraw its own designation of Confidential Material at any time.

16.     Within 90 days after the final disposition of this action, each Party receiving Confidential Material from another Party shall return the same to the Producing Party or destroy it. If a Party chooses to destroy Confidential Material rather than return it, the Party destroying the Confidential Material shall inform the Producing Party in writing that the Confidential Material has been destroyed. The termination of the Lawsuit shall not relieve the persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers filed with the Court, trial, deposition, and hearing transcripts, and  trial exhibits, even if such materials contain Confidential Material. Any such archival copies that contain or constitute Confidential Material remain subject to this Order.

IT IS SO ORDERED.

DATED:  September 30, 2020

                                                      s/Scott T. Varholak
                                                      United States Magistrate Judge

# EXHIBIT A

# ACKNOWLEDGE AND AGREEMENT TO BE BOUND

# BY STIPULATED PROTECTIVE ORDER

I, _____, a _____ of _____, hereby certify that I have read and understand the attached Stipulated Protective Order, dated _____. I hereby agree to abide by the terms of the Stipulated Protective Order.

Because it is necessary for me in the performance of my duties to have access to Confidential Matter and information contained therein that are the subject of said Stipulated Protective Order, I understand and agree that I am personally bound by and subject to the terms of this Order.


Signature:_____     Dated:_____