IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-01342-RM-STV

WILDEARTH GUARDIANS,
SIERRA CLUB,
CENTER FOR BIOLOGICAL DIVERSITY, and
HIGH COUNTRY CONSERVATION ADVOCATES,

     Plaintiffs,

v.

MOUNTAIN COAL COMPANY, and
ARCH RESOURCES,

     Defendants.

___

**ORDER**
___

This citizen enforcement suit is before the Court on the Recommendation of United States Magistrate Judge Scott T. Varholak (ECF No. 70) to grant Defendants' Motion to Dismiss the Complaint Pursuant to F.R.C.P. 12(b)(6) Based on the Statute of Limitations (ECF No. 18). Plaintiffs have filed Objections to the Recommendation (ECF No. 75), and Defendants have filed a Response (ECF No. 76). For the reasons below, the Court sustains the objection that Plaintiffs' claim regarding Defendants' lack of a proper operating permit for the West Elk coal mine is not barred on statute of limitations grounds. The Recommendation is otherwise adopted and incorporated into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

## I. LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation to which a proper objection is made. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted). "A statute of limitations defense may be appropriately resolved on a Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished." *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016) (quotation omitted).

## II. BACKGROUND

Plaintiffs contend that Defendants are operating the West Elk coal mine without two air pollution permits required by the Clean Air Act ("CAA"): a Prevention of Significant Deterioration ("PSD") construction permit and a Title V operating permit.  Although the mine has been in operation since the 1980s, Defendants began a substantial expansion in January 2020, prompting a notice letter under 42 U.S.C. § 7604(b) and this lawsuit.  Defendants' Motion to Dismiss was referred to the magistrate judge, who held a hearing and ordered supplemental briefing.  Taking the allegations in the Complaint as true and also considering the attached Notice Letter (ECF No. 1 at 30-44), the magistrate judge determined that a PSD permit was not required under the circumstances and that Plaintiffs' claim based on Title V was barred by the applicable five-year statute of limitations.  Plaintiffs object to both determinations.

## III. ANALYSIS

### A. PSD Permit

Whether Defendants needed a PSD permit to proceed with their expansion of the West Elk mine turns on whether the Complaint sufficiently alleges that the West Elk mine was not a "major stationary source" of regulated emissions at that time.  As explained in the Recommendation, under Colorado's CAA framework, a PSD permit is required for "any physical change that would occur at a stationary source *not otherwise qualifying as a major stationary source* . . . if the change would constitute a major stationary source by itself."  5 Colo. Code Regs. § 1001-5:3D.II.A.25.c (emphasis added).  But both the Complaint and the Notice Letter allege the mine's emissions exceeded levels for major stationary sources prior to the expansion.  As a result, Plaintiffs are now in the position of trying to identify contrary allegations

3

that would establish a plausible inference that the mine did not already qualify as a major stationary source at the time of the expansion. Their efforts are unsuccessful.

Plaintiffs point to allegations about an "air permit" Defendants renewed in 2010 that is not a major source PSD permit (ECF No. 1 at ¶ 57), arguing that "[t]here is no better evidence that the Mine did not qualify as a major stationary source than its minor-source permit." (ECF No. 75 at 18.) But the allegations pertaining to the 2010 permit are insufficient to support an inference that the mine did not qualify as a major stationary source when the expansion began in 2020, particularly where Plaintiffs have simultaneously alleged that the mine did in fact qualify as a major stationary source in the years leading up to the expansion. (*See, e.g.*, ECF No. 1 at ¶¶ 67, 69; *see also id.* at 37-38.) The allegations that Defendants did not have a major source PSD permit when the Complaint was filed (*id.* at ¶¶ 79, 80) are also insufficient to support such an inference. To survive a motion to dismiss, a plaintiff must nudge its claims across the line from conceivable to plausible. *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). Whatever relevance the 2010 permit has with respect to whether the mine qualified as a major stationary source in 2020, the Court finds it does not raise Plaintiffs' right to relief above the level of speculation, especially in light of the other allegations in the Complaint and Notice Letter. The Court discerns no error in the magistrate judge's analysis of this issue.

Perhaps recognizing the inadequacy of the allegations in the Complaint, Plaintiffs urge the Court to consider other allegations "shown in referenced documents and public records." (ECF No. 75 at 22.) But the permits and applications to which Plaintiffs now refer in their Objections are not referenced in the Complaint and are not properly before the Court. The Court declines to consider them. "The court's function on a Rule 12(b)(6) motion is not to weigh

4

potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). Accordingly, Plaintiffs attempt to incorporate matters outside the Complaint, including "[p]ost-complaint information" (ECF No. 75 at 19), is unavailing, and the Court concludes that dismissal of this claim is appropriate.

### B. Title V Permit

Under 28 U.S.C. § 2462, which the parties agree applies here, an enforcement action such as this one "shall not be entertained unless commenced within five years from the date when the claim first accrued." The magistrate judge determined that Plaintiffs' Title V permit claim was barred on statute of limitations grounds, relying on *Sierra Club v. Oklahoma Gas & Electric Co.*, 816 F.3d 666, 671-72 (10th Cir. 2016). But the Court disagrees that *Sierra Club* precludes Plaintiffs' Title V claim at this stage of the case. There, the United States Court of Appeals for the Tenth Circuit concluded that the statute of limitations for a PSD permit claim begins to run at the commencement of a modification that requires such a permit, rejecting the theory that each day of the modification constitutes a new, discrete violation for statute of limitations purposes. *Id.* at 671. Although the Tenth Circuit found the modification at issue could be considered a single course of conduct which was properly characterized as a single, continuing violation, the Court does not find that Defendants' operations can be so characterized on the current record. Modification and construction occur for limited periods of time, while operations might occur in perpetuity. Defendants' asserted application of *Sierra Club* here leads to the proposition that if it began operating outside the limitations period without a proper permit, it may continue to do so indefinitely. Such a conclusion does not follow from *Sierra Club*, which is more narrowly

5

focused on the conduct of constructing or modifying a facility. *See id.* at 672. Neither Plaintiffs nor Defendants cite any binding authority on this issue in the context of analyzing the requirements for a Title V operating permit. For present purposes, the Court concludes that Plaintiffs have sufficiently alleged that Defendants failed to obtain a Title V operating permit and that this claim is not barred by the statute of limitations.

## IV. CONCLUSION

Therefore, the Court OVERRULES IN PART and SUSTAINS IN PART Plaintiffs' Objections (ECF No. 75), ACCEPTS IN PART and REJECTS IN PART the Recommendation (ECF No. 70), and GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss (ECF No. 18), as stated above.

DATED this 30th day of March, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge