**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 20-cv-01342-RM-STV

WILDEARTH GUARDIANS,
SIERRA CLUB,
CENTER FOR BIOLOGICAL DIVERSITY, and
HIGH COUNTRY CONSERVATION ADVOCATES,

    Plaintiffs,

v.

MOUNTAIN COAL COMPANY, and
ARCH RESOURCES,

    Defendants.

---

## ORDER
---

This citizen enforcement suit is before the Court on Plaintiffs' Motion for Partial Summary Judgment (ECF No. 52), seeking rulings that Plaintiffs have standing to bring their two claims and that Mountain Coal is violating the Clean Air Act ("CAA") by operating the West Elk Mine (the "Mine") without a Title V operating permit. Briefing on the Motion includes a Response by Defendants (ECF No. 68), a Reply by Plaintiffs (ECF No. 96), a Surreply by Defendants (ECF No. 99), and a Second Supplemental Brief by Amicus Curiae Colorado Department of Public Health and Environment, Air Pollution Control Division (the "Air Division") (ECF No. 94). For the reasons below, the Motion is granted in part as to standing and otherwise denied.

## I. BACKGROUND

Plaintiffs assert that Mountain Coal is operating the Mine without two required permits: a Prevention of Significant Deterioration construction permit and a Title V operating permit. These requirements are triggered, according to Plaintiffs, because of the amount of volatile organic compounds ("VOCs") emitted by the Mine. For present purposes, Defendants do not dispute that Mountain Coal has been operating the Mine without a Title V operating permit since at least April 29, 2015. (ECF No. 95-3 at ¶ 35.) On March 30, 2020, Mountain Coal applied for a Title V permit. (*Id.* at ¶ 32.)

## II. STANDING

### A. Legal Standard

The party seeking redress bears the burden of establishing standing. *See Colo. Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 544 (10th Cir. 2016). To meet this burden, a plaintiff must plausibly allege (1) an injury in fact that is concrete and particularized, (2) that the injury is fairly traceable to the defendant's conduct, and (3) a likelihood that a favorable decision will prevent or redress the injury. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Organizations can assert standing on behalf of their members, and while generalized harm to the environment alone will not support standing, harm that affects those members' recreational and aesthetic interests will suffice. *Id.* at 494.

### B. Discussion

Defendants do not dispute Plaintiffs' standing to bring the claims in the Complaint. (*See* ECF No. 68 at 1 n.1.) Exercising its independent obligation to assure that standing exists, *see Summers*, 555 U.S. at 499, the Court finds that it does. The allegations in the Complaint

adequately convey that Plaintiffs' members use and enjoy the lands where the Mine is located, that Defendants' operation of the Mine detracts from their recreational activities and aesthetic interests, and that a favorable outcome from this lawsuit would redress their concerns about ozone pollution and other adverse environmental impacts of the Mine.

### III.   SUMMARY JUDGMENT

#### A.   Legal Standard

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in its favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

"The substantive law of the case determines which facts are material." *United States v. Simmons*, 129 F.3d 1386, 1388 (10th Cir. 1997). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a

jury or is so one-sided that one party must prevail as a matter of law. *Id.* at 251-52; *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000).

### B. Discussion

Plaintiffs argue they are entitled to summary judgment on their Title V claim because "[t]here is no dispute that a Title V permit is required." (ECF No. 52 at 21.) But Defendants argue there are genuine issues of material fact as to whether its emissions, either in whole or in part, are "fugitive" and therefore do not count toward the permitting threshold. They also argue there are genuine issues as to whether its past emissions can be determined, precluding a determination at this stage as to whether it needs a permit. On the current record, the Court agrees with Defendants.

"Fugitive emissions" are "emissions which could not reasonably pass through a stack, chimney, vent, or other functionally equivalent opening." 40 C.F.R. § 52.21(b)(20). Plaintiffs do not argue that fugitive emissions count toward the threshold for a Title V permit; rather, they argue that the Mine's emissions from sources such as mine ventilation boreholes and other sources are clearly non-fugitive and that these sources alone exceed the threshold for a Title V permit. But, as Defendants point out, the Environmental Protection Agency ("EPA") has not yet made an official determination as to whether emissions from coal mines are fugitive. *See WildEarth Guardians v. EPA*, 751 F.3d 649, 655 (D.C. Cir. 2014) ("EPA's decision to focus on more significant sources of air pollutants before addressing coal mines is consistent with the statutory objective of reducing hazardous emissions overall."). Some state EPAs, including Ohio's, have determined that they are, but the Air Division has yet to make any determination one way or the other. Due to the absence of clear authority in this area, Plaintiffs bear a heavy

4

burden to showing that the absence of a genuine issue as to whether the current regulatory framework requires a Title V permit.

Plaintiffs' reliance on the April 29, 2015 inspection of the Mine, in which the inspector assumed the Mine's emissions were non-fugitive, is misplaced. The upshot of that inspection, as explained in a January 11, 2017 letter from the Air Division, was that the Air Division "considered the legal uncertainty regarding whether the West Elk Mine's VOC emissions are fugitive or non-fugitive, uncertainty regarding the quantity of VOC emissions, and other appropriate factors before using its enforcement discretion to decide not to pursue an enforcement action." (ECF No. 69-11 at 2.) Moreover, to the extent the report reflected the view that the Mine's VOC emissions were non-fugitive, the letter also stated that such a "presumption or determination represents only the individual inspector's position, not the Division's position." (*Id.*) Viewing the evidence related to the April 2015 inspection in the light most favorable to Defendants, the Court finds it does not establish the absence of a genuine issue with respect to the necessity of a Title V permit.

Plaintiffs also rely on the fact that Mountain Coal applied for a Title V permit in March 2020, as if that amounts to a concession that such a permit is required. But Defendants have produced an affidavit by the Mine's general manager stating that there is no reliable data for the Mine's VOC emissions prior to June 2019, when the Air Division first approved a method for sampling, analyzing, and estimating such emissions. (ECF No. 69-1 at ¶ 8.) Accordingly, the Court cannot rule on the disputed nature of these emissions at this stage of the case because there is substantial reason to believe that further discovery, particularly expert discovery, will illuminate the underlying issues. *See* Fed. R. Civ. P. 56(d).

5

## IV. CONCLUSION

Therefore, Plaintiffs' Motion (ECF No. 52) is GRANTED IN PART, and the Court finds Plaintiffs have standing as to both their claims in this case. The Motion is DENIED IN PART to the extent it seeks a determination as to Defendants' liability on Plaintiffs' second claim at this stage of the case.

DATED this 30th day of September, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge
