IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01342-RM-STV

WILDEARTH GUARDIANS,
SIERRA CLUB,
CENTER FOR BIOLOGICAL DIVERSITY,
and
HIGH COUNTRY CONSERVATION ADVOCATES,

    Plaintiffs,

v.

MOUNTAIN COAL COMPANY, and
ARCH RESOURCES, INC.,

    Defendants.

## CONSENT DECREE AND ORDER

Upon consideration of the Motion for Entry of Consent Decree and Order filed by the parties, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

### I. BACKGROUND

Plaintiffs WildEarth Guardians, Sierra Club, Center for Biological Diversity, and High Country Conservation Advocates brought this suit against Defendants Mountain Coal Company ("MCC") and Arch Resources, Inc. under the federal Clean Air Act ("Act"), 42 U.S.C. § 7401, *et. seq.*, for alleged Clean Air Act violations at the West Elk Mine in Somerset, Colorado ("Mine"). Defendants generally denied the claims.

The parties recognize and the Court, by entering this Consent Decree and Order ("Decree"), finds that this Decree has been negotiated by the parties in good faith; settlement will

1

avoid continued litigation between the parties; settlement of this matter is in the public interest and in accordance with the Act; and entry of this Decree is fair and reasonable.

The parties are serving a copy of this Decree on the United States Environmental Protection Agency and the United States Department of Justice, consistent with the requirements of 42 U.S.C. § 7604(c).

## II.     JURISDICTION AND VENUE

This Court has jurisdiction over the parties and subject matter of this Decree pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 7604.  Venue is proper in this Court pursuant to 42 U.S.C. § 7604(c) and 28 U.S.C. §§ 1391(b) and (c).

## III.    APPLICABILITY

The provisions of this Decree shall apply to and be binding upon the parties and their successors and assigns.  In the event Defendants propose to sell or transfer their legal or equitable interest in the Mine before the termination of this Decree, or if Defendants' operational responsibilities for the Mine are transferred or assigned before the termination of this Decree, Defendants shall notify Plaintiffs of such proposed sale, transfer or assignment; shall advise the proposed purchaser, successor-in-interest, assignee or transferee of the existence of this Decree; and shall condition the sale, transfer, or assignment on the purchaser's or successor-in-interest's agreement to comply with the terms herein.

## IV.     COMPLIANCE

Defendants shall not withdraw the application for a Title V Operating Permit for the Mine submitted by MCC to the Colorado Department of Public Health and Environment Air Pollution Control Division ("APCD") on March 20, 2020.

Defendants shall flare, or cause to be flared, emissions from the Mine's ventilation boreholes ("MVBs") in accordance with the Mine Safety and Health Administration Ventilation Plan for the Mine, as amended, until a final Title V permit for the Mine is issued.  This Decree does not require Defendants to install additional MVBs or vent emissions through existing MVBs when not otherwise required to do so under the Mine Safety and Health Administration Ventilation Plan for the Mine.  A failure to so flare emissions from the Mine's ventilation boreholes until a final Title V permit for the Mine is issued is referred to herein as a "Flaring Incident."  A Flaring Incident does not include unflared emissions during startup or shutdown of the ventilation and flaring equipment on an MVB, or unflared emissions during maintenance or diagnostic testing required to maintain and keep the Mine ventilation and flaring equipment operational.  Defendants shall minimize emissions during such startup, shutdown, and maintenance, and/or diagnostic testing through work practice standards and good air pollution control practices.  Defendants shall provide Plaintiffs a "Flaring Incident Initial Notice" within five days of the beginning of a Flaring Incident.  Such Flaring Incident Initial Notice shall include identification of the flare involved, the date the Flaring Incident commenced, and the cause of the Flaring Incident, if known.  Within thirty (30) days of the resumption of flaring, Defendants shall notify Plaintiffs that flaring has resumed with a "Flaring Incident Final Notice," which shall include the date flaring resumed, the full length of time in hours that such MVBs operated without flaring, and the corrective measures taken to restart flaring.  A Flaring Incident Initial Notice and Flaring Incident Final Notice can be combined in the event a Flaring Incident ceases within thirty (30) days. Nothing in this paragraph prohibits Defendants from ceasing any flaring if ordered to do so by a court of competent jurisdiction, or any state or federal agency.

MCC shall comply with the provisions of its Title V permit issued for the Mine for a period of two years. Defendants shall provide Plaintiffs' Representatives with a "Notice of Deviation" from the requirements of the Title V Permit for the Mine within thirty (30) days of commencement of the deviation. A Notice of Deviation shall, if known, include the date(s) of the deviation from the requirements of the Title V permit for the Mine, a description of the deviation, the length in hours of the deviation at the time of the Notice of Deviation, the date (if any) the deviation ceased, and corrective measures (if any) taken to address the deviation. In the event any deviation from the requirements of the Title V permit for the Mine continues after the Notice of Deviation, Defendants shall provide Plaintiffs' Representatives with a Notice of Correction within thirty (30) days of the deviation ceasing that shall include, if known, the date the deviation ceased, the length in hours of the deviation, and the corrective measures taken to address the deviation.

## V.  RETENTION OF JURISDICTION

This Consent Decree and Order is a final order of the Court. The parties consent to the jurisdiction of this Court for enforcement of the terms and conditions of this Decree and adjudicating all disputes between the parties that may arise under the provisions of this Decree.

## VI.  COSTS OF LITIGATION

Pursuant to 42 U.S.C. § 7604(d), within 30 days after the Court's entry of this Decree, Defendants shall pay $135,000 for costs of litigation (including reasonable attorney and expert witness fees) to Plaintiffs' counsel.

## VII. GENERAL PROVISIONS

This Decree constitutes a full settlement of, and shall resolve all civil liability of Defendants for, Plaintiffs' claims asserted against Defendants in the Complaint filed in this action, including but not limited to Plaintiffs' claims for penalties.

Defendants shall not assert any claim of confidentiality for any documents or information it is required to report to Plaintiffs pursuant to this Decree. Notification to Plaintiffs shall be deemed submitted on the date it is emailed to Plaintiffs' Representatives listed below (Plaintiffs' Representatives"). All correspondence concerning this Decree and all documents that are submitted pursuant to this Decree shall be provided to Plaintiffs' Representatives at the following physical and email addresses:

As to Plaintiffs:

Samantha Ruscavage-Barg, Esq.
Legal Director
WildEarth Guardians
301 N. Guadalupe Street, Suite 201
Santa Fe, NM  87501
sruscavagebarg@wildearthguardians.org


Caitlin Miller
Associate Attorney
Earthjustice
633 17th St., Ste. 1600
Denver, CO 80202
cmiller@earthjustice.org

As to Defendants:

Weston Norris
Mountain Coal Company, LLC
West Elk Mine
5174 Highway 133
Somerset, CO 81434

AND

5

      Arch Resources, Inc.
      1 CityPlace Drive, Suite 300
      St. Louis, MO 63141
      Attn: General Counsel

There shall be no modification of this Decree without written agreement signed by all parties to the Decree and written approval by the Court, or by Order of the Court.

The effective date of this Decree shall be the date of its entry.

## VIII.   TERMINATION

The obligations of this Decree shall remain in force until Defendants have satisfied all of their obligations under Sections IV (Compliance) and VI (Costs of Litigation).  Defendants shall file a notice with the Court and to Plaintiffs' Representatives when these obligations have been met.

## IX.   CONSENT TO ENTRY OF DECREE

Each of the parties consents to entry of this Decree, subject to the Court's approval of the Decree.  The undersigned representatives of each party certify that they are fully authorized by the party to enter into the terms and conditions of this Decree, and to execute and legally bind the represented parties to it.  This Decree can be signed in counterparts.

## ENTRY BY THE COURT

This consent decree is approved and hereby entered as an Order of this Court this ____ day of _____, _____.

                                                                      _____

United States District Judge

AGREED AND CONSENTED TO:

FOR PLAINTIFF WILDEARTH GUARDIANS

*[signature]*   Date: 11/18/21

John Horning
Executive Director
WildEarth Guardians

FOR PLAINTIFF SIERRA CLUB

_____   Date: _____

Nathaniel Shoaff
Senior Attorney
Sierra Club

FOR PLAINTIFF CENTER FOR BIOLOGICAL DIVERSITY

_____   Date: _____

Allison Melton
Senior Attorney
Center for Biological Diversity

FOR PLAINTIFF HIGH COUNTRY CONSERVATION ADVOCATES

_____   Date: _____

Brett Henderson
Executive Director
High Country Conservation Advocates

AGREED AND CONSENTED TO:

FOR MOUNTAIN COAL COMPANY

BY: _____   Date: _____

ITS: _____   Date: _____

FOR ARCH RESOURCES, INC.

BY: _____   Date: _____

ITS: _____   Date: _____

AGREED AND CONSENTED TO:

FOR PLAINTIFF WILDEARTH GUARDIANS

_____  Date: _____
John Horning
Executive Director
WildEarth Guardians

FOR PLAINTIFF SIERRA CLUB

*/s/ Nathaniel Shoaff*  Date: 11-18-21
Nathaniel Shoaff
Senior Attorney
Sierra Club

FOR PLAINTIFF CENTER FOR BIOLOGICAL DIVERSITY

_____  Date: _____
Allison Melton
Senior Attorney
Center for Biological Diversity

FOR PLAINTIFF HIGH COUNTRY CONSERVATION ADVOCATES

_____  Date: _____
Brett Henderson
Executive Director
High Country Conservation Advocates

AGREED AND CONSENTED TO:

FOR MOUNTAIN COAL COMPANY

BY: _____  Date: _____

ITS: _____  Date: _____

FOR ARCH RESOURCES, INC.

BY: _____  Date: _____

ITS: _____  Date: _____

AGREED AND CONSENTED TO:

FOR PLAINTIFF WILDEARTH GUARDIANS

_____   Date: _____
John Horning
Executive Director
WildEarth Guardians

FOR PLAINTIFF SIERRA CLUB

_____   Date: _____
Nathaniel Shoaff
Senior Attorney
Sierra Club

FOR PLAINTIFF CENTER FOR BIOLOGICAL DIVERSITY

*[signature: Allison N. Melton]*

_____   Date: 11/18/2021 _____
Allison Melton
Senior Attorney
Center for Biological Diversity

FOR PLAINTIFF HIGH COUNTRY CONSERVATION ADVOCATES

_____   Date: _____
Brett Henderson
Executive Director
High Country Conservation Advocates

AGREED AND CONSENTED TO:

FOR MOUNTAIN COAL COMPANY

BY:_____   Date: _____

ITS: _____   Date: _____

FOR ARCH RESOURCES, INC.

BY: _____   Date: _____

ITS: _____   Date: _____

AGREED AND CONSENTED TO:

FOR PLAINTIFF WILDEARTH GUARDIANS

_____ Date: _____
John Horning
Executive Director
WildEarth Guardians

FOR PLAINTIFF SIERRA CLUB

_____ Date: _____
Nathaniel Shoaff
Senior Attorney
Sierra Club

FOR PLAINTIFF CENTER FOR BIOLOGICAL DIVERSITY

_____ Date: _____
Allison Melton
Senior Attorney
Center for Biological Diversity

FOR PLAINTIFF HIGH COUNTRY CONSERVATION ADVOCATES

*/s/ Brett Henderson* Date: \_\_\_11/18/2021\_\_\_\_\_
Brett Henderson
Executive Director
High Country Conservation Advocates

AGREED AND CONSENTED TO:

FOR MOUNTAIN COAL COMPANY

BY:_____ Date: _____

ITS: _____ Date: _____

FOR ARCH RESOURCES, INC.

BY: _____ Date: _____

ITS: _____ Date: _____

7

AGREED AND CONSENTED TO:

FOR PLAINTIFF WILDEARTH GUARDIANS

_____                          Date: _____
John Horning
Executive Director
WildEarth Guardians

FOR PLAINTIFF SIERRA CLUB

_____                          Date: _____
Nathaniel Shoaff
Senior Attorney
Sierra Club

FOR PLAINTIFF CENTER FOR BIOLOGICAL DIVERSITY

_____                          Date: _____
Allison Melton
Senior Attorney
Center for Biological Diversity

FOR PLAINTIFF HIGH COUNTRY CONSERVATION ADVOCATES

_____                          Date: _____
Brett Henderson
Executive Director
High Country Conservation Advocates

AGREED AND CONSENTED TO:

FOR MOUNTAIN COAL COMPANY

BY: _/s/_____                          Date: 11/22/2021

ITS: President                                     Date: _____

FOR ARCH RESOURCES, INC.

BY: _/s/_____                          Date: 11/22/2021

ITS: Senior Vice President &
Chief Operating Officer                            Date: _____

7